# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF FLORIDA TALLAHASSEE DIVISION

**DANIEL JON PETERKA,**

    **Plaintiff,**

**vs.**                                          **Case No. 4:23cv55-MW-MAF**

**RICKY D. DIXON,**

    **Defendant.**

_____/

## REPORT AND RECOMMENDATION

Plaintiff, an inmate in the custody of the Florida Department of Corrections [FDOC], initiated this § 1983 action on February 1, 2023. Plaintiff paid the filing fee a short time later, ECF No. 8, and finding the complaint sufficient, service of process was directed on February 27, 2023. ECF No. 9. Defendant filed a motion to dismiss Plaintiff's complaint, ECF No. 17, and Plaintiff was directed to file a response. ECF No. 16. Plaintiff's response was timely filed, ECF No. 19, and the motion is ready for a ruling.

**Allegations of the complaint, ECF No. 1**

When the Department of Corrections ["DOC"] began a "Multimedia Kiosk and Tablet Program" in 2018, Plaintiff purchased a multimedia player for $129.99.  ECF No. 1 at 6.  By August of 2020, however, the DOC informed prisoners that they must relinquish possession of their JP5 tablets by November 30, 2020, but would be provided a JP6 "loaner" tablet.  *Id.*  The DOC advised that JP5 tablets would be considered "contraband" after that date and would be confiscated.  *Id.* at 6-7.  Prisoners with "release dates" were permitted to send their tablets to the contractor of the Program, and upon release from prison, a prisoner could request the return of the tablet and all purchased content.  *Id.* at 7.  Those prisoners without a release date (those serving a life sentence or on death row) were only offered the opportunity to send their "wiped" tablets to a person outside the prison.  *Id.*  Those prisoners could "never be reunited with their property," and Plaintiff contends the directive was nothing more than "an invitation for them to give their property away."  *Id.*

Plaintiff surrendered his tablet as directed, before the November deadline, as he is "under an active sentence of death."  ECF No. 1 at 7-8.  Plaintiff subsequently requested just compensation from the DOC for the

taking of his property, but his request was denied.  *Id.* at 8.  In January 2021, the DOC reconsidered the policy and "decided <u>not</u> to require prisoners to relinquish their JP5 tablets.  *Id.*  However, if a prisoner had already surrendered the tablet and sent it to the contractor, it would not be returned to the prisoner.  *Id.*

Based on the loss of his tablet, Plaintiff brings several claims against Defendant Ricky Dixon who is sued "in his individual capacity as Secretary of the Florida Department of Corrections . . . ."  ECF No. 1 at 5-6.  Count I alleges a Fifth Amendment Takings Clause claim.  *Id.* at 9.  Count II asserts a Fourteenth Amendment Substantive Due Process claim.  *Id.* at 11.  As relief, Plaintiff seeks a declaratory judgment, nominal and compensatory damages, costs, and such other relief deemed "equitable and just under the circumstances."  *Id.* at 12-13.

**Standard of Review**

The issue on whether a complaint should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) for failing to state a claim upon which relief can be granted is whether the plaintiff has alleged enough plausible facts to support the claim stated.  <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 127 S.Ct. 1955, 167 L. Ed. 2d 929 (2007).  "To survive a motion to dismiss, a

Page 4 of 18

complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009) (quoting Twombly, 550 U.S. at 570, 127 S. Ct. 1955).[1]  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678, 129 S. Ct. at 1949 (citing Twombly, 550 U.S. at 556, 127 S. Ct. at 1965); see also Wilborn v. Jones, 761 F. App'x 908, 910 (11th Cir. 2019).  "The plausibility standard" is not the same as a "probability requirement," and "asks for more than a sheer possibility that a defendant has acted unlawfully." Iqbal, 556 U.S. at 677 (quoting Twombly, 550 U.S. at 556).  A complaint that "pleads facts that are 'merely consistent with' a defendant's liability," falls "short of the line between possibility and plausibility." Iqbal, 129 556 U.S. at 677 (quoting Twombly, 550 U.S. at 557).

---

[1] The complaint's allegations must be accepted as true when ruling on a motion to dismiss, Oladeinde v. City of Birmingham, 963 F.2d 1481, 1485 (11th Cir. 1992), cert. denied, 113 S. Ct. 1586 (1993), and dismissal is not permissible because of "a judge's disbelief of a complaint's factual allegations." Twombly, 127 S. Ct. at 1965, (quoting Neitzke v. Williams, 490 U.S. 319, 327, 109 S. Ct. 1827, 104 L. Ed. 2d 338 (1989)).

The pleading standard is not heightened, but flexible, in line with Rule 8's command to simply give fair notice to the defendant of the plaintiff's claim and the grounds upon which it rests. Swierkiewicz v. Sorema, 534 U.S. 506, 122 S. Ct. 992, 998, 152 L. Ed. 2d 1 (2002) ("Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions."). Pro se complaints are held to less stringent standards than those drafted by an attorney. Wright v. Newsome, 795 F.2d 964, 967 (11th Cir. 1986) (citing Haines v. Kerner, 404 U.S. 519, 520-521, 92 S. Ct. 594, 596, 30 L. Ed. 2d 652 (1972)). Nevertheless, a complaint must provide sufficient notice of the claim and the grounds upon which it rests so that a "largely groundless claim" does not proceed through discovery and "take up the time of a number of other people . . . ." Dura Pharmaceuticals, Inc. v. Broudo, 544 U.S. 336, 125 S. Ct. 1627, 161 L. Ed. 2d 577 (2005) (quoted in Twombly, 550 U.S. at 558).

**Motion to Dismiss, ECF No. 17**

**A.     Eleventh Amendment Immunity**

Defendant argues that to the extent Plaintiff is suing for damages against him in his official capacity, Defendant is entitled to Eleventh Amendment immunity. ECF No. 17 at 4. Plaintiff is suing the Secretary of

the Department of Corrections, but he explicitly stated he was suing the Defendant "in his individual capacity" and, thus, Defendant's motion to dismiss on the basis of Eleventh Amendment immunity should be denied.

**B.    Takings Clause Claim**

Defendant contends that Plaintiff fails to state a claim for a violation of the Takings Clause.  ECF No. 17 at 5.  In particular, Defendant argues that although Plaintiff alleged "a wrongful taking, he does not allege that FDC seized his property for public use."  *Id.* at 6.  Further Defendant points out that when Plaintiff "surrendered his JP5 tablet in compliance with instructions provided to his institution at the time, Plaintiff received an upgraded JP6 tablet in exchange, along with all his purchased content."  *Id.* at 6-7.  Additionally, Defendant says that Plaintiff had an option to ship the tablet home, but refused.  *Id.* at 7.

In response, Plaintiff contends that Defendant's argument is misleading.  ECF No. 19 at 2.  Plaintiff says that he personally owned the JP5 tablet because he purchased it for $129.99, but the JP6 tablet "does not belong to him."  *Id.*  He points out that it "is a state owned 'loaner' device."  *Id.*  Plaintiff says he was "forced to surrender his personally owned JP5 tablet in exchange for a state owned JP6" tablet.  *Id.* at 3.

Case No. 4:23cv55-MW-MAF

Nevertheless, Plaintiff concedes that this claim "should be dismissed because he cannot show that his JP5 tablet was taken 'for public use.'" *Id.* at 4-5.

Although a Fifth Amendment "Takings Clause" claim applies to federal officials, and Plaintiff named only a state actor, the "Clause is made applicable to the States through the Fourteenth Amendment." Chicago, B. & Q.R. Co. v. Chicago, 166 U.S. 226, 17 S. Ct. 581, 41 L. Ed. 979 (1897) (cited in Murr v. Wisconsin, 198 L. Ed. 2d 497, 137 S. Ct. 1933, 1942 (2017)). Thus, Plaintiff's claim is reviewed as though properly alleged under the Fourteenth Amendment.

The Takings Clause mandates that "private property [shall not] be taken for public use, without just compensation." Knick v. Twp. of Scott, Pennsylvania, 204 L. Ed. 2d 558, 139 S. Ct. 2162, 2167 (2019); *see also* Brown v. Legal Found. of Washington, 538 U.S. 216, 231–32, 123 S. Ct. 1406, 1417, 155 L. Ed. 2d 376 (2003) (noting that a State has "authority to confiscate private property" but "the Fifth Amendment imposes two conditions on the exercise of such authority: the taking must be for a 'public use' and 'just compensation' must be paid to the owner"). It does not matter whether the property taken is "real or personal," people do not

expect their property to be taken away. Cedar Point Nursery v. Hassid, 210 L. Ed. 2d 369, 141 S. Ct. 2063, 2074 (2021) (citing to Horne v. Dep't of Agric., 576 U.S. 350, 361, 135 S. Ct. 2419, 2427, 192 L. Ed. 2d 388 (2015)). Further, the "Takings Clause does not require compensation unless private property has been taken 'for public use.'" U.S. CONST. AMEND. V. (cited in Support Working Animals, Inc. v. DeSantis, 457 F. Supp. 3d 1193, 1215 (N.D. Fla. 2020)). Here, Plaintiff alleged that his private property was required to be surrendered because of a DOC rule, he did not allege that his property was not taken for "public use." Indeed, Plaintiff concedes that this claim is insufficient. ECF No. 19 at 4-5. In light of this concession, the motion to dismiss Count I of the complaint should be granted.

**C.    Substantive Due Process Claim**

Defendant contends that Plaintiff has also failed to state a substantive due process claim. ECF No. 17 at 7. Defendant contends this is so for two reasons: first, because a more specific constitutional provision (the Fifth Amendment Takings Clause) is more applicable than the "generalized not of 'substantive due process'" and, second, because Plaintiff has not demonstrated an "atypical and significant hardship . . . in

relation to the ordinary incidents of prison life." *Id.* at 7-8.  Moreover, Defendant argues that personal "property rights are not fundamental rights" and that Plaintiff did not allege that the challenged conduct "was arbitrary or egregious nor shocking to the conscious."  *Id.* at 9-10.

In response, Plaintiff points to paragraphs 36-42 of the complaint[2] and says he did allege that Defendant deprived him of his rights "by arbitrarily and capriciously taking his personally owned JP5 tablet."  ECF No. 19 at 5.  He further argues that his rights were infringed by a legislative act and, thus, "the substantive component of the Due Process Clause protects that person from arbitrary and irrational action by the government."  *Id.* at 5 (citing to McKinney v Pate).

As to Defendant's first argument, that another Constitutional Amendment provides "an explicit textual source of constitutional protection" such that the "substantive due process" need not be addressed, that argument should be rejected.  Defendant contends that because Plaintiff

---

[2] Plaintiff did allege that "the FDOC's conduct was arbitrary and capricious and amounts to deliberate indifference, and thus shocks the conscience."  ECF No. 1 at 11, ¶38.  He also alleged that the taking of his "lawfully purchased and personally owned JP5 tablet amounts to outright theft, which certainly shocks the conscience."  *Id.* at ¶39.

Case No. 4:23cv55-MW-MAF

has brought a Fifth Amendment Takings Clause claim, *see* ECF No. 17 at 7, the Court should not address the due process claim.

> Where a particular Amendment provides an explicit textual source of constitutional protection against a particular sort of government behavior, that Amendment, not the more generalized notion of substantive due process, must be the guide for analyzing these claims." County of Sacramento v. Lewis, 523 U.S. 833, 842, 118 S. Ct. 1708, 140 L. Ed. 2d 1043 (1998) (alteration omitted) (quoting Albright v. Oliver, 510 U.S. 266, 273, 114 S. Ct. 807, 127 L. Ed. 2d 114 (1994) (plurality opinion)); *see also* Graham v. Connor, 490 U.S. 386, 395, 109 S.Ct. 1865, 104 L.Ed.2d 443 (1989).  In the Bill of Rights, the "Framers sought to restrict the exercise of arbitrary authority by the [g]overnment in particular situations." Albright, 510 U.S. at 273, 114 S. Ct. 807 (plurality opinion). So when the Framers considered a matter and drafted an amendment to address it, *id.* at 274, 114 S. Ct. 807, a substantive-due-process analysis is inappropriate, Lewis, 523 U.S. at 843, 118 S. Ct. 1708.  We must "analyze[ ] [the claim] under the standard appropriate to that specific provision, not under the rubric of substantive due process." Lewis, 523 U.S. at 843, 118 S. Ct. 1708 (quoting United States v. Lanier, 520 U.S. 259, 272 n.7, 117 S. Ct. 1219, 137 L. Ed. 2d 432 (1997)).

Echols v. Lawton, 913 F.3d 1313, 1326 (11th Cir. 2019).

The Fifth Amendment, among other things, protects a person from having his private property taken for public use without just compensation. U.S. CONST. AMEND. V.  However, Plaintiff did not allege that his property was taken for public use; rather, he alleged that the State deprived him of his personal property and did so for arbitrary reasons.  Both parties agree

that Plaintiff has not presented a proper or viable Fifth Amendment "Takings Clause" claim. Therefore, because the Fifth Amendment is not a more "explicit textual source of constitutional protection," Plaintiff's substantive due process claim should be addressed on the merits.

"The substantive component of the Due Process Clause protects those rights that are 'fundamental,' that is, rights that are 'implicit in the concept of ordered liberty.'" McKinney v. Pate, 20 F.3d 1550, 1556 (11th Cir. 1994) (citations omitted) (holding that an "employee's right to employment may be abridged as long as the procedures used to abrogate that right satisfy constitutional minima"); Searcy v. Prison Rehab Indus. & Ent, Inc., 746 F. App'x 790, 795 (11th Cir. 2018) (holding that a prisoner "does not have a constitutionally protected property interest in a particular prison job assignment and does not have an expectation of keeping a certain job"). "To state a substantive due process claim, a plaintiff must allege (1) a deprivation of a constitutionally protected interest, and (2) that "the deprivation was the result of an abuse of governmental power sufficient to raise an ordinary tort to the stature of a constitutional violation." Executive 100, Inc. v. Martin Cnty., 922 F.2d 1536, 1541 (11th Cir. 1991) (quoted in Hoefling v. City of Miami, 811 F.3d 1271, 1282 (11th Cir. 2016)).

A substantive due process claim must involve state conduct that "'can properly be characterized as arbitrary, or conscience shocking, in a constitutional sense.'"  County of Sacramento, 523 U.S. at 847, 118 S.Ct. at 1717 (citation omitted) (quoted in Neal ex rel. Neal v. Fulton Cnty. Bd. of Educ., 229 F.3d 1069, 1074 (11th Cir. 2000)); *see also* Goodloe v. Langford, No. 2:11-CV-236-FTM-99, 2013 WL 839602, at *4 (M.D. Fla. Mar. 6, 2013) (permitting unaddressed due process claims to proceed, citing to County of Sacremento, 523 U.S. at 847)).

The threshold question is whether a fundamental right has been violated.  Defendant contends that Plaintiff's personal property is not a fundamental right.  ECF No. 17 at 9 (citing to Greenbriar Vill., LLC v Mountain Brook City, 345 F.3d 1258, 1262-63 (11th Cir. 2003).

The issue in Greenbriar was a municipality's revocation of a previously issued "land disturbance permit."  Greenbriar Vill., 345 F.3d at 1259.  "The landowner claimed violations of his due process rights".  345 F.3d at 1259-60.  The Eleventh Circuit held that "substantive due process concerns [were] not implicated by the actions of the City . . . ."  345 F.3d at 1260.  In reaching its conclusion, the court quoted the Supreme Court: "Property interests, of course, are not created by the Constitution. Rather

they are created and their dimensions are defined by existing rules or understandings that stem from an independent source such as state law." 345 F.3d at 1262 (quoting Board of Regents v. Roth, 408 U.S. 564, 577, 92 S. Ct. 2701, 2709, 33 L. Ed. 2d 548 (1972); *see also* Vinyard v. Wilson, 311 F.3d 1340, 1356 (11th Cir. 2002)).

A distinction between this case and Greenbriar Vill., however, is that the Court (and plaintiff) referred to the right at stake as a "state-granted and—defined property right in the permit," not in the property itself. 345 F.3d at 1262. Nevertheless, at least two prior decisions from this Court have followed Greenbriar and dismissed a prisoner's claim "that his due process rights were violated because the Defendants deprived him of personal property and failed to follow the FDOC's grievance procedure." Netting v. Sec'y Dep't of Corr., No. 5:19-CV-119- TKW/MJF, 2019 WL 7285288, at *2 (N.D. Fla. Sept. 30, 2019), report and recommendation adopted, No. 5:19CV119-TKW-MJF, 2019 WL 5535511 (N.D. Fla. Oct. 25, 2019), and report and recommendation adopted, No. 5:19cv119-TKW-MJF, 2019 WL 7284775 (N.D. Fla. Dec. 27, 2019). The conclusion in Netting was that the plaintiff had "not stated a claim for any violation of substantive due process." Netting, 2019 WL 7285288, at *2.

In the second case, Myers v. Fla., No. 5:12-CV-259-RS-EMT, 2014 WL 68067, at *5 (N.D. Fla. Jan. 8, 2014), the complaint was dismissed by the court sua sponte, finding that "Plaintiff's interest in his property [was] not entitled to substantive due process protection." Myers, 2014 WL 68067, at *5. In the court's view, "[p]roperty interests like those that Plaintiff enjoys in his personal property are created and defined by state law rather than the Constitution." 2014 WL 68067, at *5 (citing Greenbriar, 345 F.3d at 1262).

More recently, however, another court has recognized a similar, substantive due process claim. The Southern District of Florida relied upon an "exception" from McKinney v. Pate to permit a substantive due process claim based on a rule change which required inmates to surrender previously purchased tablets along with the music which had been downloaded to the tablets. Rodriguez v. JPay, Inc., No. 19-14137- CIV, 2019 WL 11623939, at *6 (S.D. Fla. Oct. 30, 2019). That court noted that under McKinney, an exception existed "for substantive due process claims involving legislative state action." Rodriguez, 2019 WL 11623939, at *6 (citing to McKinney, 20 F.3d at 1557, 1560). Accepting as true plaintiffs' allegations that the "rule changes were arbitrary and capricious," the court

found that the complaint was sufficient to state a substantive due process claim and denied the defendant's motion to dismiss. 2019 WL 11623939, at *7.

Further, the Eleventh Circuit has considered a prisoner's substantive due process claim when the inmate challenged the seizure of his legal documents. Morefield v. Smith, 404 F. App'x 443, 445 (11th Cir. 2010). The court found that the "confiscation of his legal property was not 'arbitrary'" if his property exceeded the "amount or space allowed" and, in addition, found "the deprivation of his legal property was not 'conscious shocking.'" Morefield, 404 F. App'x at 445. Notably, the claim was not rejected outright because it involved personal property. In light thereof, it is recommended that Plaintiff's substantive due process claim not be dismissed on the basis that it is premised on the right to possess personal property.

Moreover, even if the right to property was not a fundamental right, it is still true that "[w]here a fundamental liberty interest does not exist, substantive due process nonetheless protects against the arbitrary and oppressive exercise of government power." Waldman v. Conway, 871 F.3d 1283, 1292 (11th Cir. 2017) (citing to Sacramento, 523 U.S. at 845-46).

Here, Plaintiff alleged that the Defendant acted in an arbitrary manner. Plaintiff's allegations must be accepted as true at the motion to dismiss stage of litigation. This claim is sufficient.

However, all of this is somewhat academic because Defendant has raised his entitlement to qualified immunity. ECF No. 17 at 14-15. "Qualified immunity protects government officials 'from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" Pearson v. Callahan, 555 U.S. 223, 231, 129 S. Ct. 808, 172 L. Ed. 2d 565 (2009) (quoting Harlow v. Fitzgerald, 457 U.S. 800, 818, 102 S. Ct. 2727, 73 L. Ed. 2d 396 (1982)) (quoted in Garcia v. Casey, 75 F.4th 1176, 1185 (11th Cir. 2023)).

The burden is on the Plaintiff to overcome qualified immunity. The "plaintiff must show that the official's alleged conduct violated a constitutionally protected right." Garcia, 75 F.4th at 1185. Next, "the plaintiff must demonstrate that the right was clearly established at the time of the misconduct." 75 F.4th at 1185. "'Clearly established' means that, at the time of the officer's conduct, the law was sufficiently clear that every

reasonable official would understand that what he is doing is unlawful." *Id.* (quotations omitted).

A plaintiff can "demonstrate that the contours of the right were clearly established in one of three ways." Echols, 913 F.3d at 1324 (quoting Loftus v. Clark-Moore, 690 F.3d 1200, 1204 (11th Cir. 2012) (alteration adopted) (citation and internal quotation marks omitted). Plaintiff can point to: (1) a "materially similar case [that] has already been decided;" (2) "a broader, clearly established principle that should control the novel facts of the situation;" (3) showing that "the conduct involved in the case may so obviously violate the [C]onstitution that prior case law is unnecessary." Echols, 913 F.3d at 1324 (quoting Loftus, 690 F.3d at 1205). Here, Plaintiff has not demonstrated that the right to retain the JP5 tablet was clearly established. Plaintiff argues that he "had a protected interest in it," but he has not pointed to a prior case or a clearly established principle. *See* ECF No. 19 at 7-9. The Court has not located such a case either. Accordingly, the Defendant's motion to dismiss should be granted on the basis of qualified immunity.

Because the only remaining claim (the substantive due process claim) should be dismissed on this basis, there is no need to review

Defendant's additional arguments as to the failure to join a necessary party or Plaintiff's lack of entitlement to declaratory relief.

### RECOMMENDATION

In light of the foregoing, it is respectfully **RECOMMENDED** that Defendant's motion to dismiss, ECF No. 17, be **GRANTED** and Plaintiff's complaint, ECF No. 1, be **DISMISSED** because Defendant is entitled to qualified immunity.

**IN CHAMBERS** at Tallahassee, Florida, on October 10, 2023.

   S/    Martin A. Fitzpatrick
**MARTIN A. FITZPATRICK**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). A copy of the objections shall be served upon all other parties. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b)(2). <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control.</u> If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**