IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

DANIEL JON PETERKA,

   *Plaintiff*,

v.                                                                Case No.: 4:23cv55-MW/MAF

RICKY D. DIXON,

   *Defendant*.

_____/

## ORDER ACCEPTING REPORT AND RECOMMENDATION

This Court has considered, without hearing, the Magistrate Judge's Report and Recommendation, ECF No. 20, and has also reviewed *de novo* Plaintiff's objections, ECF No. 21.

As the Magistrate Judge explained in his well-reasoned Report and Recommendation, both of Plaintiff's individual-capacity claims against Defendant are due to be dismissed. For Plaintiff's Takings Clause claim, he must allege facts showing that Defendant took his property for a public use. *See Brown v. Legal Found. of Washington*, 538 U.S. 216, 231 (2003). Here, Plaintiff does not allege any facts that Defendant took his tablet for a public purpose. He concedes this point in his response to Defendant's motion to dismiss, ECF No. 19 at 4–5, and he does not

object to the Report and Recommendation on this basis. Accordingly, this claim is due to be dismissed without prejudice.[1]

Plaintiff's individual-capacity substantive due process claim also fails. While Plaintiff alleges sufficient facts for a plausible substantive due process claim, *see* ECF No. 20 at 16, qualified immunity bars his claim. "Once it has been determined that an official was acting within the scope of his discretionary authority, the burden shifts to the plaintiff to establish that qualified immunity is inappropriate." *Garcia v. Casey*, 75 F.4th 1176, 1185 (11th Cir. 2023) (internal quotation omitted).[2] In addition to showing a violation of a constitutional right, the plaintiff must demonstrate that the right was clearly established at the time of the misconduct." *Id.* " 'Clearly established' means that, at the time of the officer's conduct, the law was

---

[1] Dismissal with prejudice is inappropriate for Plaintiff's Takings Clause claim because he has not been given a chance to amend his complaint and it is not clear that amendment would be futile. "Where a more carefully drafted complaint might state a claim, a plaintiff must be given at least one chance to amend the complaint before the district court dismisses the action with prejudice." *Bank v. Pitt,* 928 F.2d 1108, 1112 (11th Cir. 1991), *overruled in part by Wagner v. Daewoo Heavy Indus. Am. Corp.,* 314 F.3d 541, 542 & n.1 (11th Cir. 2002) (en banc) (overruling *Bank* as to counseled plaintiffs, but deciding "nothing about a party proceeding pro se"). While Plaintiff concedes that his Taking Clause claim fails here, he also requests that if this Court accepts the Magistrate Judge's Report and Recommendations, that it dismiss the claims without prejudice so he may refile in state court. ECF No. 21 at 9–10. Given his stated preference that this claim be dismissed without prejudice and the possibility that he may amend the complaint to allege facts showing that Defendant took the tablet for a public purpose, this Court cannot dismiss this claim without prejudice until Plaintiff has been given a chance to amend his complaint.

[2] Neither party disputes that Defendant acted in his discretionary authority when he took Plaintiff's tablet, and this Court's own review finds that such an act qualifies as "discretionary" for qualified immunity purposes. *Cf. Holloman ex rel. Holloman v. Harland*, 370 F.3d 1252, 1263–65 (11th Cir. 2004) (noting that for qualified immunity, "discretionary authority" includes "actions that do not necessarily involve an element of choice," and "a governmental actor engaged in purely ministerial activities can nevertheless be performing a discretionary function.").

sufficiently clear that every reasonable official would understand that what he is doing is unlawful." *Id.* This can be done in three ways.

> First, "materially similar" case law may give an officer fair notice that his conduct would violate a constitutional right. *Mercado v. City of Orlando*, 407 F.3d 1152, 1159 (11th Cir. 2005). Second, the plaintiff can show the existence of a "broader, clearly established principle [that] should control the novel facts [of his] situation." *Id.* In other words, even "[i]f there is no case law directly on point, general statements of the law contained within the Constitution, statute, or caselaw may sometimes provide 'fair warning' of unlawful conduct." *Id.* (quotation omitted and alteration adopted). Finally, in rare instances, an official may still have notice when his conduct "so obviously violates" a constitutional right.

*Garcia*, 75 F.4th 1176, 1185 (11th Cir. 2023).

Here, Plaintiff fails to demonstrate that his substantive due process right to retain a tablet was clearly established. As noted in the Report and Recommendation, Plaintiff failed to identify—and the Magistrate Judge's own review did not reveal—a similar case or clearly established principle sufficient to put Defendant on notice that his conduct was unlawful. ECF No. 20 at 17. In his objections, Plaintiff argues that *Hudson v. Palmer*, 468 U.S. 517 (1984) clearly establishes the broad principle that "an authorized, intentional deprivation of property like the one at issue here is actionable pursuant to the Due Process Clause." ECF No. 21 at 6. The Supreme Court's holding in *Hudson*, however, is more nuanced. In *Hudson*, the Supreme Court did not address a substantive due process claim—it addressed a procedural due process claim. Specifically, the Supreme Court in *Hudson* held "that an

3

unauthorized intentional deprivation of property by a state employee does not constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful postdeprivation remedy for the loss is available." 468 U.S. at 533. *Hudson*'s holding on a procedural due process claim cannot clearly establish a broad principle that would have put Defendant here on notice that his conduct qualified as a substantive due process violation.

Plaintiff also points to several materially similar district court decisions that he claims should have put Defendant on notice, ECF No. 21 at 8, but these cases are insufficient. To determine if a materially similar case should have put a defendant on notice, this Court looks "only to binding precedent at the time of the challenged conduct—that is, 'the decisions of the Supreme Court, the Eleventh Circuit, or the highest court of the state.' " *Echols v. Lawton*, 913 F.3d 1313, 1324 (11th Cir. 2019) (quoting *Bailey v. Wheeler*, 843 F.3d 473, 483 (11th Cir. 2016)). The district court decisions that Plaintiff cites are not binding precedent and thus, cannot serve to put Defendant on notice. Accordingly, Plaintiff's substantive due process claim against Defendant in his individual capacity for damages—that is, both nominal[3] and compensatory damages—is due to be dismissed with prejudice.[4]

---

[3] Nominal damages are barred by qualified immunity. *See Rowan v. Harris*, 316 F. App'x 836, 838 (11th Cir. 2008) (barring nominal damages under qualified immunity).

[4] Dismissal with prejudice is appropriate for this claim as to an award of money damages because any amendment would be futile. In other words, Plaintiff cannot allege new facts to show that his substantive due process claim was clearly established for purposes of qualified immunity.

This leaves only Plaintiff's claim for declaratory relief.[5] In Defendant's motion to dismiss, he argues that Plaintiff's request for declaratory relief is targeted at FDC—not Defendant. *See* ECF No. 17 at 16. FDC is not a named party here, as Defendant notes, and if it were, the backwards-looking declaratory relief that Plaintiff seeks is barred by Eleventh Amendment immunity. *Id.* Plaintiff did not address this argument in his response in opposition. *See* ECF No. 19. Defendant is right on both grounds. Plaintiff cannot seek a declaration that FDC violated his rights in an individual-capacity suit against Defendant. And even if FDC were a party (by way of suing Defendant in his official capacity as the Secretary of the Florida Department of Corrections), Eleventh Amendment immunity would prohibit such backward-looking relief. *See Jones v. Buckner*, 963 F. Supp. 2d 1267, 1283 (N.D. Ala. 2013) ("Although *Ex parte Young* allows declaratory relief, it does not apply when the declaratory relief pertains only to past violations of federal law." (citing *Green v. Mansour,* 474 U.S. 64, 73 (1985)). Accordingly, Plaintiff's substantive due process claim is due to be dismissed without prejudice,[6] and Defendant's motion to dismiss is due to be granted.

---

[5] While the Report and Recommendation does not address Plaintiff's request for declaratory relief, it is not barred by qualified immunity and thus, Defendant's motion to dismiss must be addressed on this ground. *See Longmire v. City of Mobile*, No. CV 16-0025-WS-M, 2016 WL 6403327, at *11 (S.D. Ala. Oct. 26, 2016).

[6] While adding Defendant in his official capacity as a named party here would remedy the first defect with Plaintiff's request for declaratory relief, such an amendment would be futile because, as set out above, such relief would be barred by Eleventh Amendment immunity. Even

5

**IT IS ORDERED**:

1. The report and recommendation, ECF No. 20, is **accepted and adopted**, over Plaintiff's objections, as this Court's opinion.

2. Defendant's motion to dismiss, ECF No. 17 is **GRANTED**.

3. The Clerk shall enter judgment stating, "Plaintiff's complaint, ECF No. 1, is **DISMISSED**. Specifically, Plaintiff's Takings Clause claim against Defendant in his individual capacity (Count I) is **DISMISSED without prejudice** for failure to state a claim upon which relief may be granted. Plaintiff's substantive due process claim against Defendant in his individual capacity (Count II) for nominal and compensatory damages is **DISMISSED with prejudice** as barred by qualified immunity. Plaintiff's substantive due process claim against Defendant in his individual capacity (Count II) for declaratory relief is **DISMISSED without prejudice** for lack of subject matter jurisdiction."

---

with the futility of this amendment, however, the dismissal of Plaintiff's substantive due process claim must be without prejudice because it is based in part on Eleventh Amendment immunity—which is jurisdictional. *See McClendon v. Georgia Dep't of Cmty. Health*, 261 F.3d 1252, 1256 (11th Cir. 2001) ("[F]ederal courts lack jurisdiction to entertain claims that are barred by the Eleventh Amendment.").

4. The Clerk shall close the file.

**SO ORDERED on November 1, 2023.**

                                        <u>**s/Mark E. Walker**</u>
                                        **Chief United States District Judge**